**LIHUA REN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75225.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Lihua Ren, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Akinmade v. INS,* 196 F.3d 951, 954 (9th Cir.1999), we grant the petition for review and remand for further proceedings.

Substantial evidence does not support the IJ's adverse credibility determination. Ren initially testified that she did not recall anything happening on the morning of December 3, 2001, the same day that she went to the United States Consulate in the afternoon to fill out an application for a visa. After she was told that December 3, 2001 was a Monday—the day of the week

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

she was required to report to the local police—Ren changed her testimony, stating that she had in fact reported to the police on the morning of December 3, 2001. She explained the inconsistency by stating that she made a mistake because she was nervous. This minor inconsistency provides insufficient support for an adverse credibility determination. *See Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998) (inconsistencies of less than substantial importance for which a plausible explanation is offered cannot serve as the sole basis for an adverse credibility determination).

Ren also testified to several details that were not included in her asylum application: (1) she personally distributed materials promoting the practice of Zhong Gong; (2) the police observed her practicing Zhong Gong; and (3) the police interrogated her a second time after she was transferred to a detention facility. Such omissions in an asylum application are similarly insufficient to support an adverse credibility determination. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1045 (9th Cir. 2005) (applicant's testimony does not lack credibility because it includes more detailed descriptions than set forth in asylum application).

Finally, there is no inconsistency between Ren's testimony and her asylum application as to the health effects she experienced by practicing Zhong Gong.

Accordingly, we grant the petition for review and remand to the BIA for further proceedings to determine whether, accepting Ren's testimony as credible, she is entitled to asylum or withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.